[762 NYS2d 193]

In the Matter of MICHAEL J. WALLACE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 2, 2003

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Emil M. Rossi*, Syracuse, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 7, 1986, and maintains an office for the practice of

law in Fayetteville. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from the use and maintenance of his attorney trust account. Respondent filed an answer admitting the material allegations of the petition and appeared before this Court and submitted matters in mitigation.

Respondent admitted that he made unauthorized withdrawals from his attorney trust account and used the funds to satisfy personal and business debt.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain clients' funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds of a client or third person coming into his possession and render appropriate accounts to the client or third person regarding them; and

DR 9-102 (e) (22 NYCRR 1200.46 [e])—making withdrawals by bank transfer without obtaining prior written approval of the party entitled to the proceeds.

We have considered, in mitigation, that respondent reported his misconduct to the Grievance Committee and funded an audit of his attorney trust account. No client was permanently deprived of funds or was aware that funds were used improperly. Additionally, we note the previously unblemished record of respondent after 17 years in practice, his expression of remorse and his cooperation with the Grievance Committee's investigation. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for six months and until further order of the Court.

GREEN, J.P., WISNER, SCUDDER, GORSKI and LAWTON, JJ., concur.

Order of suspension entered.